IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,781-02




EX PARTE JASON JAMAL MIDDLETON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 10CR1404
                   IN THE 212TH DISTRICT COURT FROM GALVESTON COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and was sentenced to ten months’ imprisonment in a state jail facility. 
            Applicant contends that his due process rights were violated because a forensic scientist did
not follow accepted standards when analyzing evidence in his case. He alleges that a Texas
Department of Public Safety (DPS) investigation supports his claim. The State and trial court agree
that Applicant is entitled to relief, but the record does not yet support that recommendation.
            Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall determine whether the forensic examiner in this particular case was the
examiner who was found to be unreliable by the DPS investigation, and if so, provide support for
that determination. The trial court shall also determine whether there is more drug evidence that
could be tested that was outside the chain of evidence of the implicated technician, or whether any
other analyst was involved in the testing of the evidence in this case. If another analyst was involved
in the testing for this case, the trial court shall make findings regarding the actions of each individual
analyst. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
 
Filed: October 30, 2013
Do not publish